IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARY BAKER, ANNIE BARNES, SABRINA HARRISON, and CLINTON HARRISON, <br><br>　　　　　　Plaintiffs, <br><br>　vs. <br><br>The CITY OF CHICAGO, Illinois, a municipal corporation, Chicago Police Commander GLENN EVANS (#443), and Chicago Police Officers SANDI HAWWAT (#2116), MARIA RAMIREZ (#3446), JOSE ALVAREZ (#13055), LUIS CENTENO (#11203), CHRIS YOUNG (#10305), GERARDO VEGA (#11361), ALFREDO PACHECO (#8665), MATTHEW McNICHOLAS (#13292), CURTIS SKORNOG (#6422), and MICHAEL CURCIO (#5878), <br><br>　　　　　　Defendants. | 15 CV 5932 <br><br> Judge LEINENWEBER <br><br> Magistrate Judge MASON |

## FIRST AMENDED COMPLAINT

Plaintiffs MARY HELEN BAKER, ANNIE BARNES, SABRINA HARRISON, and CLINTON HARRISON, through one of their attorneys, Torreya L. Hamilton, make the following amended complaint against Defendants CITY OF CHICAGO ("Defendant CITY"), Chicago Police Commander GLENN EVANS, and Chicago Police Officers SANDI HAWWAT, MARIA RAMIREZ, JOSE ALVAREZ, LUIS CENTENO, CHRIS YOUNG, GERARDO VEGA, ALFREDO PACHECO, MATTHEW McNICHOLAS, CURTIS SKORNOG, and MICHAEL CURCIO ("Defendant OFFICERS"):

### JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation, under color of law, of Plaintiffs' rights under the United States Constitution and Illinois common law.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §§1391(b). All of the parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

## PARTIES

4. Plaintiff MARY HELEN BAKER is a 51-year-old woman who lives with her husband on the West Side of Chicago, Illinois.

5. Plaintiff ANNIE BARNES is a 22-year-old woman who lives on the West Side of Chicago, Illinois. At all relevant times, Plaintiff ANNIE BARNES lived in the third floor apartment at 749 South Kedzie Avenue in Chicago, Illinois.

6. Plaintiff SABRINA HARRISON is a 32-year-old single mother who lives on the South Side of Chicago, Illinois. At all relevant times, Plaintiff SABRINA HARRISON lived in the third floor apartment of 749 South Kedzie Avenue in Chicago, Illinois. Plaintiff SABRINA HARRISON and ANNIE BARNES are cousins and were roommates.

7. Plaintiff CLINTON HARRISON is a 40-year-old man who owns the three-flat apartment building at 749 South Kedzie Avenue in Chicago, Illinois. Plaintiff CLINTON HARRISON and SABRINA HARRISON are cousins and, at all relevant times, CLINTON HARRISON was SABRINA's landlord.

8. At all relevant times, Defendant OFFICERS were Chicago police officers employed by Defendant CITY, acting under color of law and within the scope of their employment.

9. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case was the employer and principal of Defendant OFFICERS. Should Plaintiffs prevail on their claims, Defendant CITY is liable to Plaintiffs as the principal on Plaintiff's state law claims, and must indemnify Defendant OFFICERS on Plaintiff's federal claims pursuant to 745 ILCS 10/9-102.

**FACTS**

10. On the evening of July 20, 2014, Plaintiff CLINTON HARRISON was hosting a birthday party for his uncle inside the ground floor commercial space at 749 South Kedzie Avenue in Chicago, Illinois.

11. Plaintiffs MARY HELEN BAKER, ANNIE BARNES and SABRINA HARRISON were attending the birthday party and were inside the ground floor commercial space at 749 South Kedzie Avenue.

12. Plaintiff CLINTON HARRISON was not serving alcohol at this party and nobody was playing loud music or causing any other disturbance.

13. At approximately 10:30 p.m. Defendant EVANS arrived at the location of the party in a police vehicle.

14. Defendant EVANS got out of his vehicle, approached Plaintiff CLINTON HARRISON and immediately grabbed and handcuffed him.

15. Plaintiff CLINTON HARRISON had not been doing anything illegal prior to being grabbed by Defendant EVANS.

16. Defendant EVANS choked CLINTON HARRISON and struck him.

17. Defendant OFFICERS arrested and searched Plaintiff CLINTON HARRISON, despite the fact that he had not committed any crime.

18. Plaintiffs MARY HELEN BAKER, ANNIE BARNES, and SABRINA HARRISON observed Defendant EVANS' treatment of CLINTON HARRISON.

19. When Plaintiffs MARY HELEN BAKER, ANNIE BARNES, and SABRINA HARRISON, verbally questioned Defendant EVANS's treatment of Plaintiff CLINTON HARRISON, Defendant EVANS directed the other Defendant OFFICERS to place the three women in handcuffs, too.

20. Defendant OFFICERS seized and handcuffed the three female Plaintiffs despite the fact that they had committed no crimes.

21. Defendant OFFICERS searched the persons of the female Plaintiffs.

22. One of Defendant OFFICERS pulled each of the female Plaintiffs' bras away from their bodies.

23. One of Defendant OFFICERS put her hands inside each of the female Plaintiffs' shirts.

24. One of Defendant OFFICERS pulled the front of the female Plaintiffs' pants away from their bodies and looked into the front of their pants.

25. The other Defendant OFFICERS were present at the scene and were nearby when the female Plaintiffs were searched.

26. The searches of the female Plaintiffs did not reveal anything illegal.

27. Defendant OFFICERS also searched the purses of the female Plaintiffs.

28. The searches of the female Plaintiffs' purses also did not reveal anything illegal.

29. Defendant OFFICERS entered Plaintiff CLINTON HARRISON's commercial space on the ground floor of 749 South Kedzie Avenue.

30. Defendant OFFICERS conducted a search inside Plaintiff CLINTON HARRISON's property.

31. Defendant OFFICERS did not have a warrant to enter and search Plaintiff CLINTON HARRISON's property.

32. Defendant OFFICERS did not have anyone's consent to enter or search Plaintiff CLINTON HARRISON's property.

33. There were no exigent circumstances that justified a warrantless entry or search of Plaintiff CLINTON HARRISON's property.

34. The police search of Plaintiff CLINTON HARRISON's property revealed no guns, drugs, or any other contraband.

35. Defendant OFFICERS caused Plaintiff CLINTON HARRISON to be charged multiple criminal offenses, including aggravated assault of a police officer, resisting or obstructing a police officer, and multiple violations of the Municipal Code of Chicago.

36. Defendant OFFICERS caused Plaintiffs MARY HELEN BAKER, ANNIE BARNES and SABRINA HARRISON, to be charged with municipal ordinance violations for disorderly conduct.

37. Defendant OFFICERS prepared and approved false police reports or contributed to the contents of police reports pertaining to the arrest and processing of Plaintiff CLINTON HARRISON and to the ordinance violations issued to the three female Plaintiffs.

38. Plaintiff CLINTON HARRISON was imprisoned in a Chicago police station overnight as a result of the false criminal charges Defendant OFFICERS placed against him.

39. All the charges Defendant OFFICERS placed against Plaintiffs were dismissed by either Defendant CITY or the Cook County State's Attorneys' office.

**COUNT I**
(42 U.S.C. §1983, False Arrest)

40. Each of the foregoing paragraphs is incorporated as if fully restated here.

41. As described above, Defendant OFFICERS arrested Plaintiffs, or caused them to be arrested, without probable cause or any other legal justification to do so, in violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

42. As a direct and proximate result of this illegal seizure, Plaintiffs suffered damages, which will be proven at trial.

**WHEREFORE,** Plaintiffs pray for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate them for their damages, plus a substantial sum in punitive damages, as well as court costs, attorneys' fees, and other such relief as is just and equitable.

5

## COUNT II
(42 U.S.C. §1983, Excessive Force – Plaintiff CLINTON HARRISON)

43. Each of the preceding paragraphs is incorporated as if fully restated here.

44. As described above, the intentional conduct of Defendant EVANS toward Plaintiff CLINTON HARRISON was objectively unreasonable under the circumstances, and constituted excessive force under the Fourth Amendment to the United States Constitution.

45. As a direct and proximate result of Defendant EVANS's use of excessive force, Plaintiff CLINTON HARRISON suffered damages, including physical and emotional damages, which will be proven at trial.

**WHEREFORE,** Plaintiff CLINTON HARRISON prays for judgment against Defendant EVANS in a fair and just amount sufficient to compensate Plaintiff CLINTON HARRISON for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT III
(42 U.S.C. §1983, Unlawful Search)

46. Each of the foregoing paragraphs is incorporated as if fully restated here.

47. As described above, Defendant OFFICERS entered and searched Plaintiff's CLINTON HARRISON's property and person without a warrant or any other legal justification, in violation of the Fourth Amendment to the United States Constitution.

48. In addition, Defendant OFFICERS searched the persons and the purses of the female Plaintiffs without any legal justification.

49. In addition to the searches of the female Plaintiffs being unreasonable because there was no consent, no reasonable suspicion, nor any probable cause to perform them in the first place, the scope and manner of the searches performed upon the female Plaintiffs' persons was objectively unreasonable.

50. As a direct and proximate result of these illegal searches, Plaintiffs suffered damages, which will be proven at trial.

   **WHEREFORE,** Plaintiffs pray for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate them for their damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT IV
(42 U.S.C. §1983, Failure to Intervene)

51. Each of the preceding paragraphs is incorporated as if fully restated here.

52. One or more of Defendant OFFICERS was aware of his or her fellow officer(s) misconduct and had a reasonable opportunity to intervene to prevent harm to Plaintiffs, but failed to do so.

53. As a direct and proximate result of Defendant OFFICERS' failure to intervene, Plaintiffs have suffered damages, which will be proven at trial.

   **WHEREFORE,** Plaintiffs pray for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate them for their damages, plus a substantial sum in punitive damages, as well as court costs, attorneys' fees, and other such relief as is just and equitable.

## COUNT V
(State Law False Imprisonment)

54. Each of the preceding paragraphs is incorporated as if fully restated here.

55. As described above, Defendant OFFICERS unlawfully detained Plaintiffs without any legal justification to do so.

56. Defendant OFFICERS acted willfully and wantonly in that they intended to violate, or were recklessly indifferent towards violating, Plaintiffs' rights.

57. As a direct and proximate result of Defendant OFFICERS' misconduct, Plaintiffs suffered damages, which will be proven at trial.

58. Illinois law provides that public entities, such as Defendant CITY, are liable for compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

59. At all relevant times, Defendant OFFICERS were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of this employment. Defendant CITY, therefore, is liable as principal on all torts committed by its agents.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate them for their damages and such other relief as is just and equitable.

## COUNT VI
(State Law Battery – Plaintiff CLINTON HARRISON)

60. Each of the preceding paragraphs is incorporated as if fully re-stated here.

61. As described above, Defendant EVANS knowingly and/or intentionally made nonconsensual physical contact with Plaintiff CLINTON HARRISON.

62. As a direct and proximate cause of Defendant EVANS's physical contact, Plaintiff CLINTON HARRISON suffered damages, which will be proven at trial.

63. Illinois law provides that public entities, such as Defendant CITY, are required to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his employment.

64. At all relevant times, Defendant EVANS was acting as an agent of Defendant CITY, and was acting within the scope of his employment as a Chicago police officer. Defendant CITY, therefore, is liable as a principal for the tortious conduct of Defendant EVANS towards Plaintiff CLINTON HARRISON.

**WHEREFORE**, Plaintiff CLINTON HARRISON prays for a judgment against Defendant EVANS and Defendant CITY in a fair and just amount sufficient to compensate them for their damages and such other relief as is just and equitable.

## COUNT VII
(State Law Trespass– Plaintiff CLINTON HARRISON)

65. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

66. Plaintiff CLINTON HARRISON's commercial space at 749 South Kedzie Avenue in Chicago, Illinois is private property.

67. None of the Defendant OFFICERS were given consent to enter Plaintiff CLINTON HARRISON's commercial space or had any other legal justification to do so.

68. Defendant OFFICERS intentionally entered Plaintiff CLINTON HARRISON's commercial space.

69. As a direct and proximate result of this intentional conduct, Defendant OFFICERS caused damages, which will be proven at trial.

70. Illinois law provides that public entities, such as Defendant CITY, are required to pay any compensatory damages on a tort judgment against an employee who acts within the scope of his employment.

71. As the time that of the incident that is the subject of this case, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as Chicago police officers. Defendant CITY, therefore, is liable for their conduct towards Plaintiff CLINTON HARRISON.

**WHEREFORE,** Plaintiff CLINTON HARRISON prays for a judgment against Defendant CITY in a fair and just amount sufficient to compensate him for his damages and such other relief as is just and equitable.

## COUNT VIII
(Illinois Malicious Prosecution)

72. Each of the preceding paragraphs is incorporated as if fully restated here.

73. As described above, Defendant OFFICERS initiated legal proceedings against Plaintiffs and/or caused those proceedings to continue against them, without probable cause to do so.

74. With malice, willfulness, and/or reckless indifference to Plaintiffs' rights, Defendant OFFICERS created false or inaccurate police reports and complaints, and/or made false statements to other officers and to a prosecutor.

75. The legal proceedings against Plaintiffs were terminated in their favor, in a manner indicative of innocence.

76. As a direct and proximate result of Defendants' malicious prosecution, Plaintiffs suffered damages, which will be proven at trial.

77. Illinois law provides that public entities, such as Defendant CITY, are required to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of her employment.

78. At all relevant times, Defendant OFFICERS were acting as agents of Defendant CITY, and were acting within the scope of their employment as Chicago police officers. Defendant CITY, therefore, is liable as a principal for the tortious conduct of Defendant OFFICERS towards Plaintiffs.

   **WHEREFORE**, Plaintiffs pray for a judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate them for their damages and such other relief as is just and equitable.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

MARY HELEN BAKER, ANNIE BARNES, SABRINA HARRISON, and CLINTON HARRISON, Plaintiffs

Respectfully Submitted,

By: /s Torreya L. Hamilton
    Attorney for Plaintiffs

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173
312.726.3157 (fax)
tlh@thehamiltonlawoffice.com
Atty No. 6229397